AMBAR J. CHAVEZ
E-mail: achavez@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Ste. 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile: (310) 824-4380

KENNETH H. ABBE
E-mail: kabbe@ftc.gov
YAN FANG
E-mail: yfang@ftc.gov
FEDERAL TRADE COMMISSION
901 Market St., Ste. 570
San Francisco, CA 94103
Telephone: (415) 848-5100
Facsimile: (415) 848-5184

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

GREEN FOOT GLOBAL, L.L.C., a Nevada Limited Liability Company, also d/b/a Green Foot Global, Greenfoot Global, GFG, GFG Commercial, GFG Industrial, www.GreenFootGlobal.com, GFG Fuel Tech, LLC, and GWO Network,

WILLIAM C. HYMAN, also known as Bill Hyman, individually and as an officer of GREEN FOOT GLOBAL, L.L.C.,

MARY ANN P. HYMAN, also known as Mary Ann Proulx Hyman, Mary A. Hyman, Mary P. Hyman, Mary Ann Proulx, MaryAnn Denise L. Proulx, Mary Ann Prouleaux, Mary P. Proulx Hyman, Mary Ann A. Hyman, and Mary Hyman, individually and as an officer of GREEN FOOT GLOBAL, L.L.C.,

Case No. 2:13-cv-02064-JCM-GWF

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST GREEN FOOT GLOBAL, L.L.C., WILLIAM C. HYMAN, AND MARY ANN P. HYMAN**

RALPH M. FLYNN, JR., also known as Ralph Flynn, individually, )
)
)
MARTINEZ VAN TURNER, also known as Martinez V. Turner, Marty Turnberg, and Marty Turner, individually, and )
)
)
PATRICK HINTZE, also known as Pat Hintze, individually, )
)
)
Defendants. )
)

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for a permanent injunction and other equitable relief ("Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Settling Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment Against Green Foot Global, L.L.C., William C. Hyman, and Mary Ann P. Hyman ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, it is ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the advertising, marketing, offering for sale, and sale of products or devices that purport to increase fuel economy and decrease emissions.

3. Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4. Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Settling Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

6. "Competent and reliable scientific evidence" means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results.

7. "Corporate Defendant" means Green Foot Global, L.L.C., any entity under which it does business, including, but not limited to Greenfoot Global, GFG, GFG Commercial, GFG Industrial, www.GreenFootGlobal.com, GFG Fuel Tech, LLC, GWO Network, and its successors and assigns.

8. "Defendants" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

9. "Fuel" means gasoline, ethanol, diesel, bio-diesel, and any mix of hydrocarbon fuels.

10. "Hyman Defendants" means William C. Hyman, also known as Bill Hyman; Mary Ann P. Hyman, also known as Mary Ann Proulx Hyman, Mary A. Hyman, Mary P. Hyman, Mary Ann Proulx, MaryAnn Denise L. Proulx, Mary Ann Prouleaux, Mary P. Proulx Hyman, Mary Ann A. Hyman, and Mary Hyman; and by whatever other names each of them may be known.

11. "Individual Defendants" means: William C. Hyman, also known as Bill Hyman; Mary

Ann P. Hyman, also known as Mary Ann Proulx Hyman, Mary A. Hyman, Mary P. Hyman, Mary Ann Proulx, MaryAnn Denise L. Proulx, Mary Ann Prouleaux, Mary P. Proulx Hyman, Mary Ann A. Hyman, and Mary Hyman; Ralph M. Flynn, Jr., also known as Ralph Flynn; Martinez Van Turner, also known as Martinez V. Turner, Marty Turnberg, and Marty Turner; and Patrick Hintze, also known as Pat Hintze; and by whatever other names each of them may be known.

12. "Person" means any legal person or entity.

13. "Settling Defendants" means the Corporate Defendant and the Hyman Defendants.

## I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Settling Defendants, Settling Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service, are permanently restrained and enjoined from making, or assisting others in making, directly or indirectly, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation:

A. That such product or service is a fuel-saving product or device;

B. That such product or service increases the fuel economy or fuel efficiency of any motor vehicle;

C. That such product or service decreases the rate of fuel consumption of any motor vehicle;

D. That such product or service reduces emissions;

E. That such product or service causes any vehicle to pass an emissions inspection;

F. That such product or service saves consumers money on fuel;

G. That such product or service saves consumers money on vehicle maintenance or repairs;

H. That such product or service is generally environmentally-friendly, including that it is "green" or "eco-friendly;"

I. That such product or service has or provides any environmental benefit;

J. That such product or service removes carbon deposits from an engine;

K. That such product or service increases or extends oil or engine life;

L. About any fact material to consumers concerning any good or service, such as: the total cost; any material restrictions, limitations, or conditions; or any material aspect of the performance, efficacy, safety, nature, composition or ingredients, benefits, or central characteristics,

unless the representation is true, non-misleading, and, at the time such representation is made, Settling Defendants possess and rely upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true.

## II. PROHIBITION ON MISREPRESENTING TESTS OR STUDIES

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service are permanently restrained and enjoined from misrepresenting, or assisting

other in misrepresenting, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, the existence, contents, validity, results, conclusions, or interpretations of any test, study, or research.

## III. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Eight Hundred Thousand Dollars ($800,000) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

B. Defendants are ordered to pay to the Commission Eight Hundred Thousand Dollars ($800,000), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## IV. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and shall not seek the return of any assets.

B. The facts as alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or money judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action

by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order shall have collateral estoppel effect for such purposes.

D. Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief shall be deposited to the U.S. Treasury as disgorgement. Settling Defendants shall have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within 14 days;

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Settling Defendant obtained prior to entry of this Order in connection with the advertising, marketing, offering for sale, and sale of products or devices that purport to increase fuel economy and/or decrease emissions; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of receipt of this Order:

A. Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Hyman Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, distributors, and representatives who participate in the marketing, distribution, offering for sale, or sale of products or devices that purport to increase fuel economy and decrease emissions; and

(3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendants; (b) identify all of that Settling

Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Hyman Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2. Additionally, each Hyman Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years following entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary,

parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Hyman Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and Internet address of the business or entity.

3. Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

4. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

5. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Green Foot Global, L.L.C. *et al.*, File No. 1223103.

\\

## VIII. RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and each Hyman Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

## IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce

documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant. Each Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** November 19, 2013.

James C. Mahan
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR THE PLAINTIFF FEDERAL TRADE COMMISSION:**

Ambar J. Chavez

Date: 11/8/13

AMBAR J. CHAVEZ
E-mail: achavez@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Ste. 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile: (310) 824-4380

K. Abbe / AJC

Date: 11/8/13

KENNETH H. ABBE
E-mail: kabbe@ftc.gov
YAN FANG
E-mail: yfang@ftc.gov
FEDERAL TRADE COMMISSION
901 Market St., Ste. 570
San Francisco, CA 94103
Telephone: (415) 848-5100
Facsimile: (415) 848-5184

**FOR DEFENDANTS:**

Randal Shaheen /MM

Date: 8/16/13

RANDAL M. SHAHEEN
E-mail: rmshaheen@Venable.com
MAURA A. MARCHESKI
E-mail: mamarcheski@Venable.com
Venable LLP
Washington, DC 20004
Telephone: (202) 344-4488
Fascimile: (202) 344-8300
COUNSEL FOR Defendants Green Foot Global, L.L.C., William C. Hyman, and Mary Ann P. Hyman

**FOR DEFENDANTS WILLIAM C. HYMAN AND GREEN FOOT GLOBAL, L.L.C.:**

WILLIAM C. HYMAN, INDIVIDUALLY AND AS AN OFFICER OF GREEN FOOT GLOBAL, L.L.C.

Date: 8/12/13

**FOR DEFENDANT MARY ANN P. HYMAN:**

MARY ANN HYMAN

Date: 8/12/13